IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00044-GCM
(3:04-cr-00161-GCM-DCK-1)

| | |
|---|---|
| MARIO ALBERTO REYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA. | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se motion for reduction in his sentence which the Court finds is in fact an unauthorized, successive § 2255 motion to vacate pursuant to 28 U.S.C. § 2255(h). For the reasons that follow, the Court finds that Petitioner's motion for relief will be DISMISSED.

## I. BACKGROUND

On November 29, 2005, Petitioner was sentenced to a term of 200-months' imprisonment following his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841 (Count 1); and a consecutive term of 60-months' imprisonment following his conviction for using and carrying a firearm in furtherance of a drug trafficking crime and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 4). (3:04-cr-00161, Doc. No. 55: Judgment). Petitioner's judgment was affirmed on appeal. See United States v. Reyes, 207 F. App'x 327 (4th Cir. 2006) (unpublished). On September 29, 2016, this Court dismissed Petitioner's pro se § 2255 motion to vacate his sentence and he did not appeal. Reyes v. United States, No. 3:16-cv-00663-GCM (W.D.N.C. Sept. 29, 2016).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

## III. DISCUSSION

Petitioner contends that he is entitled to relief based on the case of Beckles v. United States, No. 15-8544 (2016), in which the Supreme Court is considering the following questions:[1] (1) Whether its holding in Johnson v. United States, 135 S. Ct. 2551 (2015), applies retroactively to cases on collateral review that challenge federal sentences enhanced under the residual clause in Section 4B1.2(a)(2) of the U.S. Sentencing Guidelines Manual (USSG);[2] (2) Whether the constitutional holding in Johnson applies to the residual clause in USSG § 4B1.2(a)(2), thereby rendering challenges to a sentence enhanced under it cognizable on collateral review?; and (3) Whether the mere possession of a sawed-off shotgun, which is an offense listed as a "crime of violence" exclusively in the commentary to USSG. § 4B1.2, remains a "crime of violence" after Johnson?

Although Petitioner does not label his motion for relief from his sentence as a § 2255 motion to vacate, it is plain from the substance of his motion that the redress he is seeking is

---

[1] The Supreme Court heard oral argument in Beckles on November 28, 2016, and as of February 1, 2017, no opinion has been filed.
[2] In Johnson v. United States, the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness and therefore unconstitutional. In Welch v. United States, the Supreme Court ruled that the holding in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257 (2016).

properly considered under the provisions of § 2255. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (It is well-settled that district courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.") (internal citation omitted). Accordingly, the Court must treat his motion as a successive motion brought pursuant to § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005); Winestock, 340 F.3d at 206-07.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As § 2244 plainly demonstrates, the Circuit Court must grant authorization to file a successive § 2255 motion and Petitioner has offered no evidence that he has obtained the necessary authorization. Consequently, this Court is without jurisdiction to consider Petitioner's present claim for relief, and his motion will therefore be dismissed. See Burton v. Stewart, 549 U.S. 147, 152-153 (2007).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein Petitioner's Section Motion to Vacate is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this case.

**SO ORDERED**.

Signed: February 1, 2017

Graham C. Mullen
United States District Judge